PEOPLE v HOUSHOLDER

CRIMINAL LAW—APPEAL AND ERROR—IMPROPER CLOSING ARGUMENT—
   BOND—CONDITIONS OF BOND.

   It was prejudicial error for a prosecutor in his closing and
   rebuttal arguments to allude to a defendant's failure to seek
   out the complainant, who was a friend of the defendant, and
   explain to him that he had not been a participant in the
   charged crime where the examining magistrate in setting bond
   for the defendant had attached a condition that the defendant
   was to have no contact with the complainant.

Appeal from Wayne, Richard D. Dunn, J. Submitted February 2, 1977, at Detroit. (Docket No. 26048.) Decided March 29, 1977.

Louis Housholder was convicted of breaking and entering an occupied dwelling with intent to commit larceny. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward R. Wilson,* Research, Training and Appeals, and *Ronald P. Weitzman,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* for defendant.

Before: N. J. KAUFMAN, P. J., and V. J. BRENNAN and O'HARA,* JJ.

REFERENCE FOR POINTS IN HEADNOTE
   75 Am Jur 2d, Trial § 280.
   * Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

O'Hara, J. It is the distasteful duty of an appellate court on review to reverse a jury verdict of guilty in a case, where, as here, the indices of guilt are substantial, but where, as here, manifest error has been committed. The constitutional guaranty of a fair trial supersedes all other considerations. Our system demands no less.

Defendant was charged with breaking and entering an occupied dwelling with intent to commit larceny therein, MCLA 750.110; MSA 28.305, and assault with intent to do great bodily harm less than murder, MCLA 750.84; MSA 28.279.

At the preliminary examination after which defendant was bound over he sought to be released on bond. The examining magistrate in language about as clear as possible said from the bench after granting the motion for bond:

"There is a further condition, however, to this bond, and it seems to me that I informed you, at that time. I don't want to have any contact between you and the complainant or his family, in this instance."

On trial the prosecuting attorney in his closing argument argued:

"We have a Defendant here who tells us of his relationship with the Roberts's and, of course, they told us about their relationship with him, there being no bad blood between the parties. Yet, after he talked to all of these people and they come up with the facts that he was someplace else, he doesn't go back and talk to them. As a matter of fact, he said he hasn't seen them from sometime in November until the day in court. If there was any possibility whatsoever of a misidentification, wouldn't he have gone back and talked to his friends? They were, as you heard the testimony, they were friends."

In rebuttal the prosecutor again adverted to defendant's compliance with the magistrate's conditional grant of release on bond:

"A point to consider though, and I think I covered this before, is why, why, if this man were innocent, knowing he had been charged with this crime, why didn't he go back and talk to these people and say look, I am Louis Housholder. I wasn't in your house. And they would know if this were the truth, but he, by his own testimony, never saw, heard or talked to either of the Roberts's until they went to court out in District Court and had the examination in this matter. This is his own testimony."

Defense counsel moved for a mistrial and argued that no curative instruction could obviate the prejudicial argument.

We agree. It is not our province to speculate how this patently prejudicial argument may have affected the jury's determination. Error it was, and reversible error properly preserved.

What need to augment this opinion with citations? The veriest legal tyro if not a nonlegal appraiser of fundamental fair trial would recognize the obvious overkill.

The judgment of conviction is set aside. The cause is remanded to the trial court for such further proceedings as may properly ensue.

Reversed and remanded.